IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SARA VASQUEZ | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:22-cv-2536 |
| | § | |
| FIESTA MART, LLC d/b/a FIESTA MART #7 | § | |
| Defendant. | § | |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to 28 U.S.C. § § 1441 and 1446, Defendant Fiesta Mart, LLC ("Fiesta") in the cause styled "Sara Vasquez v. Fiesta Mart, LLC.," originally pending as Cause No. 202232996 in the 11th Judicial District Court of Harris County, Texas, files this Notice of Removal of the cause to the United States District Court for the Southern District of Texas, Houston Division.

## I.
## BASIS FOR REMOVAL

The basis of the removal of this action is diversity jurisdiction under 28 U.S.C. § 1332. Diversity jurisdiction exists because there is complete diversity of citizenship between the parties. Furthermore, the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

## II.
## DIVERSITY JURISDICTION

Plaintiff, at the time of the initial filing of this action and at the current time of the removal of this action, was and is a citizen, resident, and domicile of the State of Texas.

Fiesta Mart, LLC, at the time of the initial filing of this action and at the time of the removal of this action, was and is a limited liability company. Therefore, its citizenship is determined by the citizenship of its members.[1] The sole member of Fiesta Mart, LLC is Bodega Latina Corp., a corporation incorporated under the laws of the State of Delaware with its principal place of business in California.[2] The corporate structure of Fiesta Mart, LLC has not changed since the time the affidavits included as Exhibits 6 and 7 were executed. Because Fiesta takes the citizenship of its sole member, Fiesta is therefore a citizen of Delaware and California but not of Texas.[3]

### III.
### FACTUAL BACKGROUND

Plaintiff claims that on or about July 4, 2020, she was injured after she slipped and fell on green beans that had fallen on the floor Fiesta's store.[4] Plaintiff filed suit on June 2, 2022, in the 11th Judicial District Court of Harris County, Texas, alleging premises liability and negligence causes of action against Fiesta.[5]

### IV.
### AMOUNT IN CONTROVERSY

Plaintiff judicially admits in her Original Petition that she is seeking damages in excess of $75,000.00. Specifically, Plaintiff states that she is seeking damages over $100,000 but not more than $200,000, and includes the following categories of past and future damages: medical expenses, physical pain and suffering, loss of earnings/earning capacity, loss of household services,

---

[1] *See, e.g., Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).
[2] *See* Affidavit, attached hereto as Exhibits 6 and 7.
[3] *See Harvey*, 542 F.3d at 1080; *see also* Exhibits 6 and 7.
[4] *See* Plaintiff's Original Petition, attached hereto as Exhibit 2, at ¶IV.
[5] *See generally,* Exhibit 2.

and mental anguish.[6] Thus, it is clear that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[7]

## V.
## REMOVAL IS TIMELY

This removal is timely because it is filed "within thirty days after receipt, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained the case is one which is or has just become removable." 28 U.S.C. § 1446(b). Fiesta first became aware this case was removable on or about June 29, 2022, when it was served with Plaintiff's Original Petition. Accordingly, this removal is timely because it is made within thirty days after Fiesta's receipt of the document that first demonstrated the case was removable.

## VI.
## VENUE

Venue is proper in this district under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action has been pending.

## VII.
## PROCEDURAL REQUIREMENTS

Defendant filed with the Clerk of the 11th Judicial District Court of Harris County, Texas a Notice of Filing Notice of Removal to Federal Court simultaneously with the filing of this Notice of Removal.

Pursuant to Local Rule 81, the following documents are attached hereto for the Court's reference:

---

[6] *Id*. at ¶VII.
[7] *See S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996); *see also Laughlin v. Kmart Corp.*, 50 S.W.3d 871, 873 (10th Cir. 1995) (amount in controversy is ordinarily determined by allegations in complaint).

(1)     State court docket sheet (as of July 26, 2022)

(2)     Plaintiff's Original Petition (filed June 2, 2022);

(3)     Request for Issuance of Service (filed June 2, 2022)

(4)     Officer's Return of Service on (June 29, 2022);

(5)     Defendant's Original Answer (filed July 15, 2022);

(6)     Affidavit of Michael Saltzstein;

(7)     Affidavit of Jorge Del Toro; and

(8)     List of All Counsel of Record.


**WHEREFORE, PREMISES CONSIDERED,** Defendant respectfully prays that this case be removed to the United States District Court for the Southern District of Texas, Houston Division.


Respectfully submitted,

/s/ Hope Zimlich Miranda
_____
**B. Kyle Briscoe**
State Bar No. 24069421
kbriscoe@peavlerbriscoe.com
**Hope Zimlich Miranda**
State Bar No. 24084146
hmiranda@peavlerbriscoe.com
**PEAVLER|BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
(214) 999-0550 (telephone)
(214) 999-0551 (facsimile)
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I certify that this document was served on all counsel of record in accordance with and pursuant to the Federal Rules of Civil Procedure on July 29, 2022.

_/s/_ Hope Zimlich Miranda
**Hope Zimlich Miranda**