# EXHIBIT 1

**Exhibit 1**

**HCDistrictclerk.com**    VASQUEZ, SARA vs. FIESTA MART LLC (D/B/A FIESTA    7/26/2022
MART #7)
Cause: 202232996        CDI: 7        Court: 011

## SUMMARY

| CASE DETAILS | |
|---|---|
| **File Date** | 6/2/2022 |
| **Case (Cause) Location** | |
| **Case (Cause) Status** | Active - Civil |
| **Case (Cause) Type** | Premises |
| **Next/Last Setting Date** | N/A |
| **Jury Fee Paid Date** | 6/2/2022 |

| CURRENT PRESIDING JUDGE | |
|---|---|
| **Court** | 011th |
| **Address** | 201 CAROLINE (Floor: 9) HOUSTON, TX 77002 Phone:7133686020 |
| **JudgeName** | KRISTEN BRAUCHLE HAWKINS |
| **Court Type** | Civil |

**Chronological Case History**

| | | |
|---|---|---|
| **Style** | VASQUEZ, SARA vs. FIESTA MART LLC (D/B/A FIESTA MART #7) | |
| **Case Number** | 202232996    **Case Status**    Active - Civil    **Case Type**    Premises | |
| **File Court** | 011    **File Date**    6/2/2022    **Next Setting**    N/A | |

| Date | Type | Description |
|---|---|---|
| 6/2/2022 | ACTIVITY | JURY FEE PAID (TRCP 216) **COURT:** 011 |
| 6/2/2022 | ACTIVITY | JURY DEMAND MADE (TRCP 216) **COURT:** 011 |
| 6/2/2022 | DOCUMENT | ORIGINAL PETITION **COURT:** 011 **ATTORNEY:** MORALES, MOISES III **PERSON FILING:** VASQUEZ, SARA |
| 6/29/2022 | SERVICE | **PERSON SERVED:** FIESTA MART LLC (D/B/A FIESTA MART #7)(A CORPORATION) MAY BE SERVEDBY SERVING ITS REGISTERED AGENT C T CORPORATION SYSTEMOR WHEREVER THEY MAY BE FOUND **SERVICE TYPE:** CITATION CORPORATE **INSTRUMENT:** SEVERANCE ORDER |
| 7/15/2022 | DOCUMENT | ANSWER ORIGINAL PETITION **COURT:** 011 **ATTORNEY:** BRISCOE, BRYAN KYLE **PERSON FILING:** FIESTA MART, LLC |

# EXHIBIT 2

**Exhibit 2**

6/2/2022 3:20 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 65077721
By: Cecilia Thayer
Filed: 6/2/2022 3:20 PM

# 2022-32996 / Court: 11

## CAUSE NO. _____

| | | |
|---|---|---|
| **SARA VASQUEZ** | § | **IN THE DISTRICT COURT** |
| *Plaintiff* | § | |
| | § | |
| **vs.** | § | **____ JUDICIAL DISTRICT** |
| | § | |
| **FIESTA MART LLC d/b/a FIESTA** | § | |
| **MART #7** | § | **HARRIS COUNTY, TEXAS** |
| *Defendants* | § | |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT**:

**COMES NOW**, SARA VASQUEZ, hereinafter called "Plaintiff", complaining of and about FIESTA MART LLC d/b/a FIESTA MART #7 hereinafter called "Defendant", and for cause of action show unto the Court the following:

### I. DISCOVERY CONTROL PLAN LEVEL

1.       Plaintiff intends that discovery be conducted under Discovery Level II.

### II. PARTIES AND SERVICE

2.       Plaintiff, SARA VASQUEZ, is an Individual whose address is 7979 Westheimer, Houston, Texas 77063.

3.       Defendant, FIESTA MART LLC d/b/a FIESTA MART #7, is a corporation doing business in the State of Texas for the purpose of accumulating profits and can be served by serving its registered agent, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201, or wherever they may be found.

### III. JURISDICTION AND VENUE

4.       The subject matter in controversy is within the jurisdictional limits of this court.

5.       This court has jurisdiction over the parties because Defendant FIESTA MART LLC d/b/a FIESTA MART #7 purposefully availed itself of the privilege of conducting activities in the

1

state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

6.      Plaintiff would show that Defendant had continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction over said Defendant.

7.      Plaintiff would also show that the cause of action arose from or relates to the contacts of Defendant to the state of Texas, thereby conferring specific jurisdiction with respect to said Defendant.

8.      Venue in Harris County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## IV. FACTS

9.      It has become necessary to bring this cause of action due to injuries and damages sustained by Plaintiff on or about July 4, 2020.  At the time of the incident made the basis of this lawsuit, Plaintiff was an invitee at Defendant's business located at 6200 Bellaire Blvd, Houston, Texas 77081, in Harris County, Texas.

10.     Plaintiff was navigating Defendant's premises when she slipped and fell on green beans that had accumulated on the floor.

11.     Clearly, at least one of Defendant's employees/agents was aware of the dangerous condition of the floor.  Despite this knowledge, Defendant neither made the area safe nor warned invitees, such as Plaintiff, of the dangerous condition on the floor.

12.     Plaintiff did not have any knowledge of the dangerous condition and could not have

2

reasonably been expected to discover same. Defendant either created the condition and/or failed to correct the condition or to warn Plaintiff of the dangerous condition, which constituted negligence, and such negligence was a proximate cause of the occurrence in question and Plaintiff's resulting injuries.

13.     Plaintiff sustained severe and personal injuries as she fell to the floor.

## V.  PLAINTIFF'S CLAIM OF PREMISES LIABILITY AGAINST FIESTA MART LLC

14.     Recovery against Defendant is justified under the common law theory of premises liability.

15.     Plaintiff was an invitee.

16.     Defendant was the occupier and/or possessor of the subject premises.

17.     The condition of the premises posed an unreasonable risk of harm to Plaintiff.  On the occasion in question, Defendant was negligent in the following ways:

    i.      Failure to warn Plaintiff of the spilled green beans on the floor; and

    ii.     Failure to maintain the area in question in a safe manner.

18.     Each of the foregoing negligent acts and/or omissions, whether taken singularly or in any combination, was a proximate cause of Plaintiff's injuries and damages that are described below.

## VI.  PLAINTIFF'S CLAIM OF NEGLIGENCE AGAINST FIESTA MART LLC d/b/a FIESTA MART #7

19.     Plaintiff would show that, based on the above-described facts, Defendant was negligent. Defendant as occupier of the premises owed Plaintiff a duty to warn or make safe the defective condition(s) existing on Defendant's premises. The occurrence made the basis of this suit and Plaintiff's resulting injuries and damages were proximately caused by the negligent

conduct of Defendant. Said acts and omissions include but are not necessarily limited to the following acts and/or omissions, to-wit:

(a)  Defendant through its employees and/or agents, had actual knowledge of the danger, or through the exercise of ordinary care, reasonably should have known of the danger posed by the presence of and location of this substance;

(b)  Defendant through its employees and/or agents failed to maintain the area in a reasonably safe condition, failed to inspect the premises where the dangerous condition existed, and failed to correct the condition by taking reasonable measures to safeguard persons who entered the premises;

(c)  Defendant failed to exercise ordinary care to protect Plaintiff from the danger by both failing to adequately warn Plaintiff of the location of dangerous conditions and failing to make the condition reasonably safe;

(d)  In that Defendant's agents and/or employees knew or reasonable should have known of the dangerous condition created by spilling green beans on the floor;

(e)  In that Defendant's agents and/or employees were at all pertinent times acting in the course and scope of their employment with Academy;

(f)  In failing to properly train its agents and/or employees on proper procedures and protocols while working on Defendant's premises;

(g)  In failing to properly train its agents and/or employees on how to not create and/or how to eliminate dangerous conditions on Defendant's premises; and

(h)  In failing to properly supervise its agents and/or employees on the maintenance of Defendant's premises.

20.  Defendant was also negligent in that it failed to act as reasonably prudent premises owner would have acted in the same or similar situation.

21.  As a result of the Plaintiff slipping on the spilled green beans, Plaintiff sustained debilitating injuries to her left foot and back. As a direct and proximate result of the dangerous conditions on Defendant's premises, Plaintiff has sustained the actual damages set forth below.

22.  Plaintiff would show that, based on the above-described facts, Defendant was negligent in the operation and inspection of the location in question. Specifically, Defendant owed

4

a duty to Plaintiff, and others, to provide a safe shopping environment as a reasonable prudent operator would have under the same circumstances.  Defendant's breach of this duty amounts to negligence which proximately led to Plaintiff's injuries.

23.     All of the above acts and/or omissions, whether taken singularly or in any combination, constitute negligence at common law in the State of Texas and were proximate causes of Plaintiff's injuries and damages which are described below.

### VII. DAMAGES FOR PLAINTIFF SARA VASQUEZ

24.     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff SARA VASQUEZ, was caused to suffer the following serious bodily injuries, and to incur the following damages for which Plaintiff seeks monetary relief:

A.     Reasonable medical care and expenses in the past.  These expenses were incurred by Plaintiff, SARA VASQUEZ for the necessary care and treatment of the injuries resulting from the accident and/or the aggravation of prior injuries and such charges are reasonable and were usual and customary charges for such services in Harris County, Texas;

B.     Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

C.     Physical pain and suffering in the past;

D.     Physical pain and suffering in the future;

E.     Loss of earnings in the past;

F.     Loss of earning capacity which will, in all probability, be incurred in the future;

G.     Loss of Household Services in the past;

H.     Loss of Household Services in the future;

I.     Mental anguish in the past; and

J.     Mental anguish in the future.

5

## VIII.  DEMAND FOR TRIAL BY JURY

25.      Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## IX. TRCP RULE 47 STATEMENT OF RELIEF SOUGHT

26.      As required by Texas Rule of Civil Procedure 47, Plaintiff states that she seeks monetary relief over $100,000 but not more than $200,000.  Plaintiff reserves the right to amend this Rule 47 statement as necessary.

## X.  PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, SARA VASQUEZ, respectfully prays that the Defendant, FIESTA MART LLC d/b/a FIESTA MART #7 be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**MORALES LAW FIRM**

By:     */s/ Moises Morales*
         Moises Morales III
         State Bar No. 24098137
         2801 Rosewood St.
         Houston, Texas 77004
         Tel:    (832) 245-5597
         Fax:    (832) 202-2747
         ECF:  moises@moraleslawfirm.net

**ATTORNEYS FOR PLAINTIFF**

# EXHIBIT 3

Exhibit 3

2022-32996 / Court: 11

6/2/2022 3:20:21 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 65077721
By: THAYER, CECILIA
Filed: 6/2/2022 3:20:21 PM

## Marilyn Burgess
### HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

## Request for Issuance of Service

**CASE NUMBER:** _____  **CURRENT COURT:** _____

**Name(s) of Documents to be served:**   Plaintiff's Original Petition

**FILE DATE:**   6/2/22   Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:**   Fiesta Mart LLC d/b/a Fiesta Mart #7

**Address of Service:**   1999 Bryan Street, Suite 900

**City, State & Zip:**   Dallas,  Texas 75201

**Agent (if applicable)**   C T Corporation System

## TYPE OF SERVICE/PROCESS TO BE ISSUED: (Check the proper Box)

☒ **Citation**   ☐ **Citation by Posting**   ☐ **Citation by Publication**   ☐ **Citations Rule 106 Service**

☐ **Citation Scire Facias**   **Newspaper** _____

☐ **Temporary Restraining Order**   ☐ **Precept**   ☐ **Notice**

☐ **Protective Order**

☐ **Secretary of State Citation ($12.00)**   ☐ **Capias** (not by E-Issuance)   ☐ **Attachment** (not by E-Issuance)

☐ **Certiorari**   ☐ **Highway Commission ($12.00)**

☐ **Commissioner of Insurance ($12.00)**   ☐ **Hague Convention ($16.00)**   ☐ **Garnishment**

☐ **Habeas Corpus** (not by E-Issuance)   ☐ **Injunction**   ☐ **Sequestration**

☐ **Subpoena**

☐ **Other (Please Describe)** _____

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** *(check one)*:
☐ **ATTORNEY PICK-UP (phone)** _____   ☒ **E-Issuance by District Clerk**
☐ **MAIL to attorney   at:** _____   **(No Service Copy Fees Charged)**
☐ **CONSTABLE**   *Note:* The email registered with EfileTexas.gov must be
☐ **CERTIFIED MAIL by District Clerk**   used to retrieve the E-Issuance Service Documents.
Visit www.hcdistrictclerk.com for more instructions.

☐ **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____   Phone: _____

☐ **OTHER,** *explain* _____

**Issuance of Service Requested By: Attorney/Party Name:**   Moises Morales   **Bar # or ID**   24098137

**Mailing Address:**   2801 Rosewood Street, Houston, TX 77701

**Phone Number:**   (832) 245-5597

# EXHIBIT 4

**Exhibit 4**

7/1/2022 10:07 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 65962188
By: Lewis John-Miller
Filed: 7/1/2022 10:07 AM

COPY OF PLEADING PROVIDED BY PLT

CAUSE NO. 202232996

RECEIPT NO: 928106  TRACKING NO: 74013754
EML

| | |
|---|---|
| Plaintiff: | In The 011th |
| VASQUEZ, SARA | Judicial District Court of |
| vs. | Harris County, Texas |
| Defendant: | 201 CAROLINE |
| FIESTA MART LLC (D/B/A FIESTA MART #7) | Houston, Texas |

## CITATION CORPORATE

**THE STATE OF TEXAS**
**County of Harris**

**To:    FIESTA MART LLC (D/B/A FIESTA MART #7)(A CORPORATION) MAY BE SERVED BY SERVING
ITS REGISTERED AGENT C T CORPORATION SYSTEM
1999 BRYAN STREET SUITE 900, DALLAS TX 75201
OR WHEREVER THEY MAY BE FOUND**

Attached is a copy of: PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on June 2, 2022 in the above cited cause number and court. The instrument attached describes the claim against you.

    **YOU HAVE BEEN SUED.** You may employ an attorney. If you or your Attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

    This citation was issued on June 6, 2022, under my hand and seal of said court.

Issued at the request of:

Morales, Moises
2801 ROSEWOOD ST
HOUSTON, TX  77004
832-245-5597
Bar Number: 24098137



Marilyn Burgess, District Clerk

Harris County, Texas
201 CAROLINE  Houston Texas 77002
(PO Box 4651, Houston, Texas 77210)

Generated By:CECILIA THAYER

EML

Tracking Number: 74013754

## CAUSE NUMBER: 202232996

| | |
|---|---|
| PLAINTIFF: VASQUEZ, SARA | In the 011th |
| vs. | Judicial District Court of |
| DEFENDANT: FIESTA MART LLC (D/B/A  FIESTA MART #7) | Harris County, Texas |

OFFICER - AUTHORIZED PERSON RETURN

Came to hand at 9:00 o'clock A. M. on the 29 day of June , 2022 . Executed at

(Address) 1999 Bryan St #900, Dallas, TX 75201

in

Dallas County at o'clock 11:40 A. M. On the 29th day of June , 2022 , by

Delivering to Fiesta Mart LLC Rls Reg Agent CT Corporation System through Kirk Atkins-Intake Spec. defendant, in person, a true copy of this Citation together with the accompanying 1 copy (ies) of the «Attachment». Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this 29th day of June , 2022

Fees $ 80

Heather Bork PSC #8133 Exp 2/28/24

Affiant

By _____
Deputy

On this day, Heather Bork , known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this 1 day of July , 20 22

Carrie M. Dean
Notary Public

CARRIE MICHELLE DEAN
Notary Public, State of Texas
Comm. Expires 02-01-2026
Notary ID 133563213

# EXHIBIT 5

**Exhibit 5**

7/15/2022 3:30 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 66375234
By: Lewis John-Miller
Filed: 7/15/2022 3:30 PM

CAUSE NO. 202232996

| | | |
|---|---|---|
| SARA VASQUEZ, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| vs. | § | 11th JUDICIAL DISTRICT |
| | § | |
| FIESTA MART, LLC d/b/a FIESTA MART #7, | § | |
| Defendant. | § | HARRIS COUNTY, TEXAS |

## DEFENDANT FIESTA MART L.L.C.'S ORIGINAL ANSWER

**TO THE HONORABLE JUDGE OF SAID COURT:**

Defendant Fiesta Mart L.L.C., ("Defendant") hereby files its Original Answer to Plaintiff's Original Petition and, in support thereof, states as follows:

### I.
### GENERAL DENIAL

Defendant denies each and every material allegation in Plaintiff's Original Petition, demands strict proof thereof, and to the extent that such matters are questions of fact, says Plaintiff should prove such facts by a preponderance of the evidence to a jury if she can so do.

### II.
### DEFENSES

1.      Defendant specifically denies Plaintiff's claims that it was negligent and/or that its alleged acts or omissions proximately caused Plaintiff's alleged damages.

2.      Pleading further, Defendant claims that Plaintiff failed to use that degree of care and caution as would have been used by a reasonable person under the same or similar circumstances, thereby producing or proximately causing or contributing to cause her injuries and damages, if any.   Such acts or omissions of Plaintiff were the sole and/or a producing and/or a proximate cause of Plaintiff's damages or injuries, if any.

3.      Defendant alleges that Plaintiff's alleged damages or injuries, if any, were caused by the acts of third persons not under the control of Defendant.  Such acts or omissions of said third persons were the sole and/or a producing and/or a proximate cause of Plaintiff's alleged damages or injuries, if any.

4.      Defendant further claims that it had neither actual nor constructive knowledge of the allegedly hazardous condition about which Plaintiff complains, and that in any event, the alleged hazard was not "unreasonably dangerous."

5.      Pleading further and in the alternative, Defendant claims that the premises condition asserted by Plaintiff in her Original Petition was known to Plaintiff, was open and obvious, and/or was not concealed from Plaintiff and, therefore, Defendant denies that it owed any duty to warn Plaintiff of the alleged premises condition or protect him from same.

6.      Pleading further and in the alternative, Defendant would show that the accident complained of was an unavoidable accident, as that term is known in law.

7.      Defendant states that Plaintiff's alleged damages complained of, if any, may be the result of prior or pre-existing injuries, accidents or conditions, and said prior or pre-existing injuries, accidents or conditions, if any, would be the sole and/or a contributing cause of Plaintiff's damages alleged against Defendant.

8.      Defendant states that Plaintiff's alleged damages complained of, if any, may be the result of subsequent and unrelated injuries, accidents or conditions, and said injuries, accidents or conditions, if any, would be new and intervening, sole and/or a contributing cause(s) of Plaintiff's damages alleged against Defendant.

9.     Defendant claims that Plaintiff may be malingering and exaggerating the nature and severity of her alleged injuries in order to continue treatment and/or inflate damages, and accordingly, Defendant contends that Plaintiff's treatment may not be medically necessary or reasonable.

10.    Defendant further contends that Plaintiff may have breached her duty to mitigate damages by failing to exercise reasonable care and diligence to avoid loss and minimize the consequences of her alleged damages

11.    Defendant contends that, pursuant to § 18.091 of the Texas Civil Practice & Remedies Code, to the extent Plaintiff is seeking a recovery for loss of earnings, lost wages, loss of earning capacity and/or loss of contributions of pecuniary value, evidence of this alleged loss must be presented by Plaintiff in the form of a net loss after reduction for income tax payments, or unpaid tax liability to any federal income tax law.

12.    Defendant contends that any claims for medical or health care expenses incurred is limited to the amount actually paid or incurred by or on behalf of Plaintiff, pursuant to Texas Civil Practice and Remedies Code § 41.0105.

13.    Defendant states that, in the unlikely event an adverse judgment would be rendered against it in this matter, Defendant would respectfully pray for contribution, indemnity and/or all available credits as provided for in the Texas Civil Practice and Remedies Code and under Texas law.

### III.
### REQUEST FOR COURT REPORTER

Defendant respectfully requests that a court reporter be present at all proceedings before this Honorable Court.

**IV.**
**PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Defendant Fiesta Mart L.L.C., respectfully prays that Plaintiff take nothing by this cause of action, that Defendant be permitted to recover the costs expended on its behalf, and for such other and further relief to which Defendant may show itself justly entitled, both at law and in equity.

Respectfully submitted,

/s/ Hope Zimlich Miranda
**B. Kyle Briscoe**
State Bar No. 24069421
kbriscoe@peavlerbriscoe.com
**Hope Zimlich Miranda**
State Bar No. 24084146
hmiranda@peavlerbriscoe.com
**PEAVLER | BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
(214) 999-0550 (telephone)
(214) 999-0551 (facsimile)

**ATTORNEYS FOR DEFENDANT FIESTA MART LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record pursuant to, and in accordance with, the Texas Rules of Civil Procedure on July 15, 2022.

/s/ Hope Zimlich Miranda
**Hope Zimlich Miranda**

# EXHIBIT 6

Exhibit 6

## AFFIDAVIT OF MICHAEL SALTZSTEIN

STATE OF __California__ §

§

COUNTY OF **Los Angeles** §

BEFORE ME, the undersigned authority, on this day personally appeared Michael Saltzstein ("Affiant"), who being by me first duly sworn, stated the following under oath:

1. "My name is Michael Saltzstein. I am over twenty-one years of age, of sound mind, have never been convicted of a felony or crime of moral turpitude, and am otherwise qualified to make this affidavit.

2. My job title is Senior Director and Head of Risk Management for Bodega Latina Corp. and the facts stated herein are based on my personal knowledge obtained in that capacity. I have been authorized by Bodega Latina Corp. and Fiesta Mart, LLC to make this statement on their behalf. I am familiar with the corporate structures of Bodega Latina Corp. and Fiesta Mart, LLC in my capacity as Head of Risk Management for Bodega Latina Corp.

3. Defendant Fiesta Mart, LLC is wholly owned by, and a subsidiary of, Bodega Latina Corp. Defendant Fiesta Mart, LLC is a limited liability company with a sole member, Bodega Latina Corp. Bodega Latina Corp. is incorporated in Delaware and maintains its principal place of business in California."

The affiant says nothing further.

_____

Michael Saltzstein

Subscribed and sworn to before me on _April 1_____, 2020.

SONIA ESMERALDA TORRES
Notary Public – California
Los Angeles County
Commission # 2192073
My Comm. Expires May 12, 2021

_____

Notary Public for the State of _California_

My commission expires: _May 12, 2021_
Notary Stamp

# EXHIBIT 7

**Exhibit 7**

**CALIFORNIA JURAT**                                    GOVERNMENT CODE § 8202

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of _Los Angeles_

Subscribed and sworn to (or affirmed) before me on

this ___1___ day of _June_, 20_22_, by
　　　　Date　　　　　Month　　　　　Year

(1) _Jorge Del Toro, Jr_

(and (2) _____ ),
　　　　　　　Name(s) of Signer(s)

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature _____

_Signature of Notary Public_

GLORIA L. RIESGO-FAURA
Notary Public - California
Los Angeles County
Commission # 2395358
My Comm. Expires Mar 1, 2026

*Place Notary Seal and/or Stamp Above*

━━━━━━━━━━━━━━━━ **OPTIONAL** ━━━━━━━━━━━━━━━━

*Completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**

Title or Type of Document: _____

Document Date: _____ Number of Pages: _____

Signer(s) Other Than Named Above: _____

©2019 National Notary Association

### AFFIDAVIT OF JORGE DEL TORO

STATE OF _____          §
                                                                            §
COUNTY OF _____           §

BEFORE ME, the undersigned authority, on this day personally appeared Jorge Del Toro ("Affiant"), who being by me first duly sworn, stated the following under oath:

1.  "My name is Jorge Del Toro. I am over twenty-one years of age, of sound mind, have never been convicted of a felony or crime of moral turpitude, and am otherwise qualified to make this affidavit.

2.  My job title is General Liability Manager for Bodega Latina Corp. and the facts stated herein are based on my personal knowledge obtained in that capacity. I have been authorized by Bodega Latina Corp. and Fiesta Mart, LLC to make this statement on their behalf. I am familiar with the corporate structures of Bodega Latina Corp. and Fiesta Mart, LLC in my capacity as General Liability Manager for Bodega Latina Corp.

3.  Defendant Fiesta Mart, LLC is wholly owned by, and a subsidiary of, Bodega Latina Corp. Defendant Fiesta Mart, LLC is a limited liability company with a sole member, Bodega Latina Corp. Bodega Latina Corp. is incorporated in Delaware and maintains its principal place of business in California."

The affiant says nothing further.

_____
Jorge Del Toro

Subscribed and sworn to before me on _____, 2022.

_____
Notary Public for the State of _____

My commission expires: _____

_See attached Certificate GRF_

---

AFFIDAVIT OF JORGE DEL TORO                                                                  SOLO PAGE

# EXHIBIT 8

**Exhibit 8**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SARA VASQUEZ | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:22-cv-2536 |
| | § | |
| FIESTA MART, LLC., d/b/a FIESTA MART #7 | § | |
| | § | |
|     Defendant. | § | |

---

**LIST OF ALL COUNSEL OF RECORD**

---

**Counsel for Plaintiff Sara Vasquez**

**Kraig L. Rushing**
Moises Morales III
State Bar No. 24098137
moises@moraleslawfirm.net
**MORALES LAW FIRM**
2801 Rosewood St.
Houston, Texas 77004
(832) 245-5597 – Telephone
(832) 202-2747 – Telecopier

**Counsel for Defendant Fiesta Mart, LLC**

**B. Kyle Briscoe**
State Bar No. 24069421
kbriscoe@peavlerbriscoe.com
**Hope Zimlich Miranda**
State Bar No. 24084146
hmiranda@peavlerbriscoe.com
**PEAVLER|BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
(214) 999-0550 (telephone)
(214) 999-0551 (facsimile)