United States District Court
Southern District of Texas
**ENTERED**
February 08, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SARA VASQUEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-22-2536 |
| | § | |
| FIESTA MART, LLC d/b/a FIESTA MART #7, | § | |
| | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Sara Vasquez ("Plaintiff") brought this action against Fiesta Mart, LLC d/b/a Fiesta Mart #7 ("Defendant").[1] Plaintiff alleges that she slipped and fell on green beans in Defendant's store.[2] Plaintiff alleges claims of premises liability and negligence.[3] Pending before the court is Defendant's Hybrid Motion for Summary Judgment and Brief in Support ("Defendant's MSJ") (Docket Entry No. 20). For the reasons stated below, Defendant's MSJ will be granted, and this action will be dismissed with prejudice.

---

[1] Plaintiff's Original Petition ("Complaint"), Exhibit 2 to Defendant's Notice of Removal, Docket Entry No. 1-2, p. 5. For purposes of identification all page numbers reference the pagination imprinted at the top of the page by the court's Electronic Case Filing ("ECF") system.

[2] Id. at 6 ¶ 10.

[3] Id. at 7.

##        I.  Background

The Complaint alleges that "Plaintiff was navigating Defendant's premises when she slipped and fell on green beans that had accumulated on the floor[,]" that "at least one of Defendant's employees/agents was aware of the dangerous condition of the floor[,]" and that "Defendant neither made the area safe nor warned invitees, such as Plaintiff, of the dangerous condition on the floor."[4]

Defendant moved for summary judgment on January 18, 2024, Plaintiff responded, and Defendant replied.[5] Defendant argues that Plaintiff lacks any admissible evidence that Defendant had actual or constructive knowledge that there were green beans on the floor.[6] In particular, Defendant addresses Plaintiff's testimony that, after she fell, another customer stated that he had previously warned an employee about the hazard.[7] Plaintiff testified:

> One of the workers, he said, oh that woman fell because all of the green beans were scattered all over. And even

---

[4]Id. at 6 ¶¶ 10-11.

[5]Defendant's MSJ, Docket Entry No. 20; Plaintiffs' Response in Opposition to Defendants Fiesta Mart LLC, d/b/a Fiesta Mart #7's Hybrid Motion for Summary Judgment ("Plaintiff's Response"), Docket Entry No. 22; Defendant's Reply in Support of Its Hybrid Motion for Summary Judgment and Objection to Plaintiff's Summary Judgment Evidence ("Defendant's Reply"), Docket Entry No. 23.

[6]Defendant's MSJ, Docket Entry No. 20, pp. 3-4 ¶¶ 7-8.

[7]Id. at 13-14.

> another guy who was shopping, he -- I think he cautioned him because he told him, see, I told you it was over there and now look what happened.[8]
>
> . . .
>
> There was a man who was also buying there who told the worker . . . I told you the floor was dirty and you didn't clean it. Look what happened now. You didn't pay attention to me.[9]

The parties do not know the identity of this other shopper. Defendant argues that the shopper's statements are inadmissible hearsay.[10] Plaintiff responds that the shopper's statements are evidence that Defendant had actual knowledge of the green beans.[11] However, Plaintiff does not address whether the shopper's statements are inadmissible hearsay.

## II. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact is or is not genuinely disputed must support the assertion by "citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A). Summary

---

[8]Oral Deposition of Sara Vasquez ("Vasquez Depo."), Exhibit A to Defendant's MSJ, Docket Entry No. 21-1, p. 11 lines 10-14.

[9]Id. at 12 lines 12-17.

[10]Defendant's MSJ, Docket Entry No. 20, pp. 13-15.

[11]Plaintiff's Response, Docket Entry No. 22, p. 1 ¶¶ 1-2.

judgment is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2552 (1986). "[T]he burden on the moving party may be discharged by 'showing'-that is, pointing out to the district court-that there is an absence of evidence to support the nonmoving party's case." Id. at 2554. "[E]vidence may be considered on summary judgment provided 'its contents can be presented in admissible form at trial[.]'" Ford v. Anderson County, Texas, 90 F.4th 736, 769 (5th Cir. 2024) (internal brackets omitted) (quoting Patel v. Texas Tech University, 941 F.3d 743, 746 (5th Cir. 2019)).

### III. The Rule Against Hearsay

Federal Rule of Evidence 801 defines hearsay as "a statement that

>  (1) the declarant does not make while testifying at the current trial or hearing; and
>
>  (2) a party offers in evidence to prove the truth of the matter asserted in the statement."

Hearsay is not admissible in federal court unless an exception applies. Fed. R. Evid. 802. "Once a party has properly objected to evidence as inadmissible hearsay, the burden shifts to the proponent of the evidence to show, by a preponderance of the evidence, that the evidence falls within an exclusion or exception to the hearsay rule and was therefore admissible." Loomis v. Starkville Mississippi Public School District, 150 F. Supp. 3d 730,

742-43 (N.D. Miss. 2015) (internal brackets and quotation marks omitted).

### IV. Analysis

To prevail on a premises liability claim, Plaintiff must show that Defendant had actual or constructive knowledge of the hazard prior to Plaintiff's injury. CMH Homes, Inc. v. Daenen, 15 S.W.3d 97, 99 (Tex. 2000).[12] The only evidence Plaintiff cites to satisfy this element is her testimony about the other shopper's statements. The court assumes without deciding that this evidence, if admissible, would create a fact issue regarding Defendant's actual knowledge of the green bean hazard. Defendant argues that the shopper's statements are inadmissible hearsay.

The shopper's statements were made out of court, and they would be offered to prove their truth, that is, that the shopper warned Defendant's employee of the hazard before Plaintiff's fall. The shopper's statements are therefore hearsay. Moreover,

---

[12]Plaintiff alleges a premises liability claim and a general negligence claim. "A litigant may maintain causes of action for both general negligence and premises liability, but under the general-negligence theory of recovery, the claimant's injury must result from the defendant's contemporaneous activity." Mangham v. YMCA of Austin, Texas-Hays Communities, 408 S.W.3d 923, 929 (Tex. App.—Austin 2013) (internal citation omitted). "Essential to any recovery on a negligent-activity theory is a showing that the person has been injured 'by or as a contemporaneous result of the activity itself rather than by a condition created by the activity.'" Id. (quoting Keetch v. Kroger Co., 845 S.W.2d 262, 264 (Tex. 1992)). Plaintiff does not allege or offer any evidence of contemporaneous activity by Defendant that caused Plaintiff's injuries. Plaintiff's general negligence claim therefore fails.

Plaintiff does not argue that any exclusion or exception to the rule against hearsay applies. Finally, it appears that the shopper's statement could not be presented in an admissible form at trial. Plaintiff does not know the shopper's identity and offers no plan for finding him to testify. Because the shopper's statements are inadmissible hearsay that could not be presented in an admissible form at trial, the statements are not valid summary judgment evidence. Because Plaintiff cites no other evidence that Defendant had actual or constructive knowledge of the green bean hazard, Defendant's MSJ will be granted.

## V. Conclusion and Order

Plaintiff's only evidence that Defendant had knowledge of the green bean hazard is inadmissible hearsay that cannot be presented in an admissible form at trial. Defendant's Hybrid Motion for Summary Judgment (Docket Entry No. 20) is therefore **GRANTED**, and this case will be dismissed with prejudice.

**SIGNED** at Houston, Texas, on this 8th day of February, 2024.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE